MICHAEL KERNER, Plaintiff, *v.* SURFACE TRANSPORTATION CORPORATION OF NEW YORK, ROBERT J. BRUDERER and VINCENT KELLY, Defendants.

Supreme Court, Trial Term, New York County, January 25, 1938.

*Thomson & McGinty* [*J. Thomson* of counsel], for the plaintiff.

*A. T. Davison* [*J. M. O'Neill* of counsel], for the defendant Surface Transportation Corporation.

*Schulz & Williamson* [*B. J. O'Connell* of counsel], for the defendant Vincent Kelly.

LEARY, J. Decision on motions made by defendants Surface Transportation Corporation and Bruderer to dismiss at close of case was reserved. The jury failed to agree on the negligence of any of the defendants.

The defendant's bus stopped for passengers at two A. M. on the side of the highway opposite a vacant lot used for parking purposes. The codefendant Kelly backed out of the parking space and into the side of the bus, injuring the plaintiff, who was in the act of boarding the bus.

Section 15, subdivision 2, of the Vehicle and Traffic Law requires motor vehicles to exhibit two white lights in front and one red light in the rear. Chapter 20, article 15, section 305, of the New York Code of Ordinances provides that every vehicle used in the city of New York for carrying passengers, the waiting rooms, and other places used in connection with means of transit shall be at all times adequately lighted.

There is disputed evidence that the bus was not lighted inside or outside. The highway was adequately lighted. The rear of the moving automobile came in contact with the side of the standing bus. The absence of light on the front and rear of the bus was neither a contributing nor a proximate cause of the impact. (*Laidlaw* v. *Sage*, 158 N. Y. 73, 98.) *Heywang* v. *Richmond Railways, Inc.* (247 App. Div. 728), urged by the plaintiff, is not in point. There an automobile in which the plaintiff was injured collided with a trolley car parked in the middle of the block without lights inside or outside under conditions of complete darkness at a time when the street lights were not lighted. We have an automobile backing across the sidewalk into the side of the bus standing in the street parallel to the sidewalk at a time when the street was lighted. The purpose of section 305 of article 15 of chapter 20 of the Code, requiring bus companies to light the interior of its conveyances was for the accommodation and convenience of its passengers and not as a warning to users of the highway.

Motion to dismiss the complaint on the merits as against the defendants Surface Transportation Corporation of New York and Robert J. Bruderer, driver of the bus, is granted.